UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

ZAMARRO R. DIXON,

    Plaintiff,

vs.

UNIVERSITY COMMUNITY HOSPITAL INC.
d/b/a ADVENTHEALTH TAMPA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ZAMMARRO R. DIXON ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, ADVENTHEALTH TAMPA ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); to redress injuries resulting from Defendant's unlawful race-based and color-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is a Black African American man and within a class of individuals protected by §1981, Title VII.

6. Plaintiff commenced employment with Defendant on or about October 29, 2018 as a patient care/ER technician.

7. From his first day working there, he was subjected to discrimination based on his race

8. Throughout Plaintiff's employment, he consistently demonstrated excellent performance, which was recognized by previous supervisors, Ms. Leah Ramsy.

9. However, under the new ER manager, Ms. Samantha Kula, a White American, Plaintiff experienced clear racial discrimination.

10. On November 22, 2024, while monitoring a Baker Act patient, ER physician Dr. Alexandra Sheriff asked Plaintiff to start an IV on another patient.

11. Plaintiff instructed the primary nurse, Ms. Alexis Chirieleision, a white American to watch over the Baker Act patient.

12. However, she left the patient unattended for 15 minutes.

13. Despite Ms. Chirieleision's negligence, Ms. Kula attempted to blame Plaintiff.

14. Ms. Chirieleision later admitted fault and resigned, yet Plaintiff was still targeted.

15. Even after Dr. Sheriff personally emailed Ms. Kula and HR stating that Plaintiff had not violated any policy, Plaintiff continued facing harassment.

16. Ms. Kula issued Plaintiff a warning, which he refused to sign.

17. On December 16, 2024, Plaintiff was terminated without an opportunity to defend himself.

18. The termination was race motivated because other white employees Ms. Hailey Morrell and Ms. Melissa Heine, both close to Ms. Kula, engaged in far more serious misconduct without facing consequences.

19. In November 2024, Ms. Morrell walked off the job, leaving a Baker Act patient unattended, violated HIPAA by posting patient information online, vaped in patient rooms and hallways, and allegedly failed to show up for work because she was "too drunk."

20. Yet Ms. Morrell received no warning or write-up.

21. In December 2024, Ms. Heine threw a glass bottle at Dr. Hund, striking hisi neck in fron of multiple witnesses.

22. Despite the nursing supervisor, Ms. Shirley, requesting her termination, no disciplinary action was taken.

23. The stark difference in how a Plaintiff, an African American was treated compared to his White colleagues demonstrates clear racial discrimination.

24. Ms. Chirieleision's negligence was ignored until she resigned, and I was used as a scapegoat to deflect attention from her actions.

25. Meanwhile, white employees who committed serious violations were protected.

26. Plaintiff's termination was not about performance or policy it was about race.

27. Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of race and color, with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

28. Plaintiff received a right-to-sue notice from the EEOC fewer than ninety days preceding the filing of this Complaint. As such, all conditions precedent, including the exhaustion of administrative remedies, have been met.

29. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
### *Race Discrimination in Violation of Title VII*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-29 of this complaint as if set out in full herein.

31. Plaintiff is a member of a protected class under Title VII.

32. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

33. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Race Discrimination in Violation of 42 U.S.C. § 1981

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-29 of this complaint as if set out in full herein.

42. Plaintiff is a member of a protected class under § 1981.

43. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

44. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

45. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

46. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

47. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

48. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

49. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

50. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

51. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court

grants relief.

52. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____12/15/25_____

Respectfully submitted,

*s/ Sara Cortes*  
Sara Cortes, Esq.  
Fla. Bar No.: 10492088  
GALLARDO LAW OFFICE, P.A.  
8492 SW 8th Street  
Miami, Florida 33144  
Telephone: (305) 261-7000